IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-3080-WJM-SKC

NATALIE CARRADO, individually and as a surviving heir of Cheri Marie Jolin;
BRITTANY JOLIN, individually and as a surviving heir of Cheri Marie Jolin;
ALEXANDER NEMERS, individually and as a surviving heir of Cheri Marie Jolin; and
the ESTATE OF CHERI MARIE JOLIN, by and through the heirs of decedent Cheri
Marie Jolin,

    Plaintiffs,

v.

DAIMLER AG, a foreign corporation;
MERCEDES-BENZ USA, LLC, a Delaware corporation;
PENSKE AUTOMOTIVE GROUP, INC., a Delaware corporation; and
JOHN DOE NOS. 1–40,

    Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS

The Estate of Cheri Marie Jolin and heirs to the estate, Natalie Carrado, Brittany Jolin, and Alexander Nemers (together, "Plaintiffs"), bring this action against Defendants Daimler AG ("Daimler") and Mercedes-Benz USA ("MBUSA") (together, "Mercedes" or "Defendants"). This action arises out of a collision between Cheri Marie Jolin's Smart ForTwo vehicle (the "Smart")—allegedly designed, manufactured, and sold by Mercedes—and a Ford F-150 pickup truck, which resulted in Cheri Marie Jolin's death. (ECF No. 6 ¶¶ 22, 25.) Plaintiffs bring this wrongful death and survival action against Defendants alleging strict liability (*id*. ¶¶ 28–35); negligence (*id*. ¶¶ 36–56); breach of warranty (*id.* ¶¶ 57–68), and violations of the Colorado Consumer Protection Act ("CCPA"), Colorado Revised Statutes §§ 6-1-101 *et seq.* (*id.* at ¶¶ 106–125).

Currently before the Court are MBUSA's Motion to Dismiss (ECF No. 31) and Daimler's "Amended Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder to MBUSA's Rule 12(b)(6) Motion to Dismiss" (ECF No. 77) (together, the "Motion"). Though the Defendants filed separate motions, they make the same arguments: (1) Plaintiffs impermissibly rely on "group pleading" and fail to allege facts showing each individual defendant's alleged wrongdoing; (2) Plaintiffs do not allege any facts, much less facts with the particularity required by Federal Rule of Civil Procedure 9(b), that would form the basis for a CCPA claim; and (3) Plaintiffs fail to allege facts showing any warranties made, much less breached. (ECF No. 31; ECF No. 77.) For the reasons discussed below, the Court agrees that Plaintiffs have not alleged facts with sufficient particularity to support a CCPA claim or alleged any warranties made or breached. The Court thus dismisses these claims without prejudice, and denies the remainder of Defendants' Motion.

## I. BACKGROUND

**A.  Factual Background**

The following allegations are taken from the Complaint. (ECF No. 6.) The Court assumes these allegations to be true for purposes of this motion.

On September 28, 2015, Cheri Marie Jolin ("decedent") was driving her 2008 Smart (VIN WMEEJ31X78K207941) northbound on Interstate 25 near Greenwood Village, Colorado. (*Id.* ¶ 22.) At the time, decedent was wearing her seatbelt with lap belt and shoulder harness. (*Id.*) Near mile marker 199.1, traffic began to slow and the Smart was rear ended by a Ford F-150. (*Id.* ¶ 23.) Plaintiffs allege that in the car

2

accident, the Smart's driver's seat, seating system, driver's safety restraint system, and structure failed, resulting in the decedent's death. (*Id.* ¶ 24.)

Plaintiffs claim that Daimler and its wholly- or mostly-owned subsidiary MBUSA "designed, tested, engineered, assembled, fabricated, formulated, produced, constructed, approved, manufactured, packaged, labeled, marketed, licensed, imported, supplied, distributed, prepared for sale, and sold the Smart." (*Id.* ¶¶ 9, 25.) Essentially, Plaintiffs claim that Mercedes was responsible for every aspect of the Smart, including any product design, manufacturing, or any other defects. Plaintiffs also allege that "express warranties, warranties of future performance, an implied warranty of merchantability, and/or an implied warranty of fitness existed." (*Id.* ¶ 58.)

**B.     Procedural Background**

On September 27, 2017, Plaintiffs filed a lawsuit in Denver District Court against Mercedes and several other entities. (*Id.*) MBUSA thereafter removed to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.)

MBUSA filed its motion to dismiss on January 17, 2018. (ECF No. 31.) On February 7 and 8, 2018, Plaintiffs stipulated to dismissal of all other parties save MBUSA and Daimler. (*See* ECF Nos. 39, 41.) On June 27, 2018, Plaintiffs filed a certificate of service stating that Daimler had been served pursuant to the Hague Convention. Two days later, Daimler filed a "Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder to MBUSA's Rule 12(b)(6) Motion to Dismiss." (ECF No. 75.) Daimler's motion was struck for failure to comply with the undersigned's practice standards, which require counsel to confer prior to filing a Rule 12(b)(6) motion to

accident, the Smart's driver's seat, seating system, driver's safety restraint system, and structure failed, resulting in the decedent's death. (*Id.* ¶ 24.)

Plaintiffs claim that Daimler and its wholly- or mostly-owned subsidiary MBUSA "designed, tested, engineered, assembled, fabricated, formulated, produced, constructed, approved, manufactured, packaged, labeled, marketed, licensed, imported, supplied, distributed, prepared for sale, and sold the Smart." (*Id.* ¶¶ 9, 25.) Essentially, Plaintiffs claim that Mercedes was responsible for every aspect of the Smart, including any product design, manufacturing, or any other defects. Plaintiffs also allege that "express warranties, warranties of future performance, an implied warranty of merchantability, and/or an implied warranty of fitness existed." (*Id.* ¶ 58.)

**B.     Procedural Background**

On September 27, 2017, Plaintiffs filed a lawsuit in Denver District Court against Mercedes and several other entities. (*Id.*) MBUSA thereafter removed to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.)

MBUSA filed its motion to dismiss on January 17, 2018. (ECF No. 31.) On February 7 and 8, 2018, Plaintiffs stipulated to dismissal of all other parties save MBUSA and Daimler. (*See* ECF Nos. 39, 41.) On June 27, 2018, Plaintiffs filed a certificate of service stating that Daimler had been served pursuant to the Hague Convention. Two days later, Daimler filed a "Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder to MBUSA's Rule 12(b)(6) Motion to Dismiss." (ECF No. 75.) Daimler's motion was struck for failure to comply with the undersigned's practice standards, which require counsel to confer prior to filing a Rule 12(b)(6) motion to

discuss whether deficiencies can be cured by amendment. (ECF No. 76.) Later that same day, Daimler re-filed its motion with a conferral statement. (ECF No. 77.) Plaintiffs contest that Daimler adequately conferred and suggest that Plaintiffs were amenable to filing an amended complaint. (ECF No. 79 at 1.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In reviewing a Motion to Dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 & 556 (2007) ("*Twombly*")). The plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Ridge at Red Hawk*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

## III.  ANALYSIS

A. **Procedural Issues with Daimler's Motion**

The Court will first address Daimler and Plaintiffs' spat over the conferral requirement as well as whether Daimler's Motion to Dismiss complies with Federal Rule of Civil Procedure 7(b)(1).

Daimler's initial Motion to Dismiss was struck for non-compliance with the undersigned's practice standards at 12:27 p.m. MDT on June 29, 2018.  (ECF No. 76.) Daimler re-filed its Amended Motion to Dismiss that included a statement of conferral at 5:02 p.m. MDT that same day.  (ECF No. 77 at 1.)  In its briefing, Daimler seemingly implies that it was not required to confer with Plaintiffs but did so out of an abundance of caution.  (ECF No. 80 at 3.)  Apparently, according to Daimler, Plaintiffs' refusal to amend in early 2018 prior to MBUSA's Motion to Dismiss and Plaintiffs' lack of *sua sponte* amendment within 21 days of serving Daimler excused Daimler's compliance with the rule.  (*Id.*)  This is not so.  Under the undersigned's practice standards, Daimler was required to confer with Plaintiffs prior to filing its Motion to Dismiss.  *See* WJM Revised Practice Standard III.D.1.

Because the relief requested is identical to that requested by MBUSA and the issues raised are otherwise ripe for review, the Court will not decide whether conferral was meaningful or provided Plaintiffs with an adequate opportunity to amend in advance of Daimler's filing.  However, the Court emphasizes that conferral requirements are not a mere *pro forma* requirement but a meaningful step to discourage unnecessary motions practice.  The Court strongly advises both parties to

confer earlier than the day of the motion in the future, and leave more than 4.5 hours for the parties to discuss. The Court expects that the parties will comply with the letter and spirit of the Federal Rules, Local Rules, and the undersigned's practice standards for the duration of the litigation.

Federal Rule of Civil Procedure 7(b)(1) requires that a motion must state with particularity the grounds for seeking the order and the relief sought. Fed. R. Civ. P. 7(b)(1). Plaintiffs contend that Daimler's unusual procedure of "joining" MBUSA's Motion to Dismiss did not properly differentiate the relief sought by Daimler.[1] (ECF No. 79 at 5.) The Federal Rules do not have a provision for joining the motion of a co-defendant. However, it is not uncommon for a parties, particularly those represented by the same counsel, to refer to motions filed by related entities and adopt the same arguments. While Daimler certainly could have set forth an identical Motion to Dismiss as MBUSA, it instead elected to move to dismiss "for the reasons stated in" MBUSA's Motion to Dismiss and Reply in Support thereof. As Plaintiffs observe, MBUSA's Motion references only MBUSA and does not differentiate between Daimler and MBUSA, nor does it set forth the relief requested with respect to Daimler. However, Daimler did submit a summary of the arguments for dismissal. Given these procedural facts, the Court construes Daimler's Motion as adopting MBUSA's arguments as if set forth therein, and finds that Daimler's Motion provides Plaintiffs with notice of the relief sought and grounds therefor. The Court will thus address both MBUSA and Daimler's arguments for dismissal on their merits.

---

[1] Plaintiffs' observation is ironic considering that Defendants criticize Plaintiffs' failure to differentiate between MBUSA and Daimler.

**B.     Group Pleading**

Mercedes argues that Plaintiffs engage in impermissible "group pleading," making undifferentiated allegations against MBUSA and Daimler such that the complaint fails to give each defendant notice of what it allegedly did wrong. (ECF No. 31 at 9–10.) In response, Plaintiffs argue that both MBUSA and Daimler harmed them in the same or similar ways, and they should not be required to repeat allegations or name MBUSA or Daimler each time the conduct of both is discussed. (ECF No. 38.)

Rule 8 requires that a complain provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the notice pleading standard, specific facts are not necessary and the statement need only give a defendant notice of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Context matters in notice pleading" and "[f]air notice under Rule 8(a)(2) depends on the type of case." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 239–40 (3d. Cir. 2008)).

"Group pleading" often applies in the context of attributing a corporation's statements to the corporate officers and directors when fraud allegations arise from misstatement or omissions in the statements. *In re Ribozyme Pharm., Inc. Sec. Litig.*, 119 F. Supp. 2d 1156, 1165 (D. Colo. 2000). The term has also been used to describe collective allegations against individual defendants, particularly allegations against individual government employees. *Robbins*, 519 F.3d at 1249; *Seni ex rel. Ciber, Inc. v. Peterschmidt*, 2013 WL 1191265, at *3 (D. Colo. Mar. 22, 2013). Group pleading

7

violates Rule 8 when a plaintiff fails to distinguish among multiple defendants, including on claims that could not apply to certain defendants. *Snyder v. ACORD Corp.*, 2016 WL 192270, at *3 (D. Colo. Jan. 15, 2016), *aff'd*, 684 F. App'x 710 (10th Cir. 2017) (finding that repeatedly referencing 113 defendants as a group when only a small minority engaged in certain conduct violated Rule 8).

In *Robbins*, the United States Court of Appeals for the Tenth Circuit held that it was "particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom" where defendants included both legal entities and individual actors in a § 1983 claim. 519 F.3d at 1249–50; *see also Tavasci v. Cambron*, 2017 WL 3173011 (D.N.M. May 31, 2017) (dismissing a claim that failed to differentiate between two corporations, a warden, three health professionals, and two correctional officers). Because the *Robbins* complaint did not isolate the alleged unconstitutional acts of each defendant, it did not provide adequate notice of claims for the individuals to understand the claims against them. *Robbins*, 519 F.3d at 1250.

However, courts have allowed pleading against a collective group of defendants where it would be "unfair to require Plaintiff to . . . identify which specific Defendant committed which specific act during the incident in question . . . based on the circumstances alleged." *Bark v. Chacon*, 2011 WL 1884691, at *6 (D. Colo. May 18, 2011). In *Bark*, the plaintiff alleged claims against a group of officers contending that they lacked probable cause to search his home. *Id.* at *1. There, the court did not require the plaintiff to specifically identify which officer had said or done what during the search because all the allegations related to a single incident, all the defendants were

8

alleged to have been present for the incident, and the defendants allegedly acted in concert. *Id.* at *5. The court distinguished the result from *Robbins* stating that it was "not a case where the allegations against the individual Defendants are 'entirely different in character and therefore . . . mistakenly grouped into a single allegation.'" *Id.*; *see also Flow Valve, LLC v. Forum Energy Techs., Inc.*, 2014 WL 3567814, at *3 (W.D. Okla. July 18, 2014) ("The alleged relationship among the defendants makes it understandable that claims would be linked by common allegations.").

Here, Plaintiffs allege their claims against Mercedes, without distinguishing between MBUSA or Daimler. (*See generally* ECF No. 6.) The Court notes that Plaintiffs' strict liability, negligence, and breach of warranty claims are subject to Rule 8(a) pleading standards, whereas the CCPA claims must meet the more stringent Rule 9 standards (as discussed in the following section). The Court finds that, under the circumstances, the complaint provides both MBUSA and Daimler with adequate notice. While a close call, the complaint describes the conduct and claims at issue. That MBUSA is a wholly- or partially-owned subsidiary of Daimler makes it more reasonable for Plaintiffs to allege common allegations against the two remaining Defendants. Unlike in *Robbins*, the allegations against the parties are not entirely different in character, and there is no risk of mistakenly grouping allegations against unrelated entities. *See Robbins*, 519 F.3d at 1249; *Bark*, 2011 WL 1884691, at *5. The Court therefore denies Mercedes' Motion to Dismiss all claims for impermissible collective or group pleading. While pleading of allegations against "Mercedes" is adequate here at the pleadings stage, by the summary judgment stage, Plaintiffs will have had the benefit of discovery and must be able to distinguish between MBUSA and Daimler.

**C.     Claim Seven: Colorado Consumer Protection Act Violation**

Plaintiffs claim that Mercedes violated the CCPA by making knowingly false representations about the safety of the Smart and failing to disclose material information about the Smart. (ECF No. 6 ¶¶ 106–25.)

The CCPA was enacted to regulate commercial activities and practices, and works "to deter and punish businesses for consumer fraud." *HealthONE of Denver, Inc. v. UnitedHealth Grp., Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011). A private cause of action under the CCPA requires:

> (1) that the defendant engaged in an unfair or deceptive trade practice;
>
> (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation;
>
> (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property;
>
> (4) that the plaintiff suffered injury in fact to a legally protected interest; and
>
> (5) that the challenged practice caused the plaintiff's injury.

*Adams v. FedEx Ground Package Sys., Inc.*, 546 F. App'x 772, 776 (10th Cir. 2013) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003)). An unfair or deceptive trade practice includes making knowingly false representations about the characteristics or benefits of a product that "induces a party to act, refrain from acting, or have the capacity or tendency to attract customer." *Rhino Linings*, 62 P.3d at 147; Colo. Rev. Stat. § 6-1-105(1)(e). "All elements of a CCPA claim must be met; otherwise, the claim fails as a matter of law." *HealthONE*,

805 F. Supp. 2d at 1120.

A plaintiff claiming a CCPA violation must meet the Rule 9(b) heightened pleadings requirement to allege a deceptive or unfair trade practice. *Id.* at 1120–21; *Hansen v. Auto-Owners Ins. Co.*, 2010 WL 749820, at *2 (D. Colo. Mar. 4, 2010) (citing cases). Pleading with particularity requires the plaintiff to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted). While Rule 9(b) requires a plaintiff to identify the circumstances constituting fraud, it does not require pleading "intent, knowledge or condition of the mind" with particularity. *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). The Rule 9(b) standard is modified for pleading a fraudulent omission claim; to allege a fraud claim premised on an omission, a plaintiff must identify "the particular information that should have been disclosed, the reason the information should have been disclosed, the person who should have disclosed it, and the approximate time or circumstances in which the information should have been disclosed." *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1216 (D. Colo. 2012) (citation omitted).

Plaintiffs' CCPA allegations do not satisfy the Rule 9(b) requirement that fraud allegations be pled with particularity. First, Plaintiffs do not allege any specific false representation made by either MBUSA or Daimler, much less the time or place of any statement. Rather, Plaintiffs generically claim that Mercedes "made false representations to the effect that the Smart . . . [was] of a particular standard and quality" (ECF No. 6 ¶ 110); that it was Mercedes' "general practice to offer products and

11

services to Colorado consumers and to advertise and represent such products and services as safe and/or non-defective" (*id.* ¶ 113); and that Mercedes engaged in deceptive trade practices by "making false or misleading statements of fact concerning the safety of products" (*id.* ¶ 114). Nowhere do Plaintiffs include the contents, time, or place of the allegedly false representations. Moreover, on the CCPA claim, Plaintiffs' use of "Mercedes" or "Defendants" and failure to distinguish between MBUSA and Daimler causes their allegations to fall short of the specificity requirements of Rule 9(b) because the identity of the party making false statements must be pled with particularity. *See Koch*, 203 F.3d at 1236. Plaintiffs have thus failed to allege facts with sufficient particularity to support their CCPA claim on theory of knowingly false representations. *See Schwartz*, 124 F.3d at 1252.

Plaintiffs' allegations on their failure to disclose theory are similarly deficient. While Plaintiffs reference the type of information that should have been disclosed by reference to their strict liability claim (ECF No. 6 ¶¶ 30, 111), they do not explain why the information should have been disclosed, whether MBUSA, Daimler, or some other entity should have disclosed it, or the circumstances under which the information should have been disclosed. *See Martinez*, 886 F. Supp. 2d at 1216.

Plaintiffs argue that an exception to pleading with particularity should apply because certain information is likely under exclusive control of the Defendants. (ECF No. 38 at 13.) However, even if Plaintiffs are correct that they cannot access information certain information, including the relative roles of MBUSA and Daimler, there is no reason that Plaintiffs should be excused from identifying the allegedly false statements or alleging when or why certain information should have been disclosed.

12

Because Plaintiffs fail to plead that Defendants engaged in an unfair or deceptive trade practice with the particularity required under Rule 9(b), the Court thus dismisses Plaintiffs' CCPA claim without prejudice. *HealthONE*, 805 F. Supp. 2d at 1120.

**D.	Claim Three: Breach of Warranty**

With respect to Plaintiffs' breach of warranty claim, they notably fail to identify any warranty, express or implied, made by Defendants. Instead, Plaintiffs reply on conclusory pleadings which simply restate the elements of a breach of warranty claim. The Court will address the express and implied warranty claims in turn.

A.	Express Warranty

To state a claim for breach of express warranty, a plaintiff must allege (1) the existence of a warranty; (2) a breach of that warranty; (3) that the breach proximately caused damages; and (4) that defendant received timely notice of the breach. *Scott v. Honeywell Int'l Inc.*, 2015 WL 1517527, at *3 (D. Colo. Mar. 30, 2015).

Plaintiffs fail to state a claim because they do not identify any express warranties made or the source of such warranties, and consequently no breach of any such warranties. Nor do Plaintiffs allege that Defendants made an express warranty of future performance. Plaintiffs' sole allegations pertaining to any express warranty are that: "on information and belief," an express warranty and a warranty of future performance existed (ECF No. 6 ¶ 58); the Smart did not conform to the warranty (*id.* ¶ 63); Plaintiffs themselves and as third party beneficiaries relied to the express warranty to their detriment (*id.* ¶¶ 64–65); breach of the express warranty was a proximate cause of decedent's injuries and resulted in damages to Plaintiffs (*id.* ¶ 66); and Mercedes is

13

liable to Plaintiffs for injuries and damages caused by the breach of the express warranty (*id.* ¶ 68). These statements amount to little more than a restatement of the elements of a breach of warranty claim.

"[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption." 5 Charles Alan Wright et al., Federal Practice & Procedure Civil § 1224 (3d ed., Sept. 2018 update). The matter of the existence of an express warranty is at least presumptively within Plaintiffs' personal knowledge. Plaintiffs' response to the Motion also highlights the lack of sufficient allegations of any express warranty in the complaint. (ECF No. 38 at 10–11.) In their response, Plaintiffs include an example of Mercedes advertisement and public representations about the Smart. No such detail exists in the complaint regarding any express warranty made to Plaintiffs. The Court thus grants Mercedes' Motion with respect to the breach of express warranty claim and warranty of future performance, and also dismisses those claims without prejudice.

B.  Implied Warranties

Plaintiffs allege that Mercedes also breached an implied warranty of merchantability/fitness for an ordinary purpose and an implied warranty of fitness for a particular purpose ("implied warranties"). (ECF No. 6 ¶ 58.) *See* Colo. Rev. Stat. §§ 4-2-314 and -315.

The warranty of merchantability implies that goods are fit for their ordinary purposes. *Trust Dep't of First Nat'l Bank of Santa Fe, Colo. Branch v. Burton Corp.*, 2013 WL 4884483, at *6 (D. Colo. Sept. 11, 2013). To establish an implied warranty of

fitness for a particular purpose, a plaintiff must also show that the product was to be used for a particular purpose (different from its ordinary purpose), seller knew of the particular purpose, seller knew that the buyer was relying on sellers skill to provide a product that would satisfy the particular purpose, and the buyer relied on that skill. *Fiberglass Component Prod., Inc. v. Reichhold Chemicals, Inc.*, 983 F. Supp. 948, 955–56 (D. Colo. 1997).

Plaintiffs fail to plead more than conclusory allegations pertaining to the implied warranties. For example, Plaintiffs do not even specify what the ordinary purpose of the Smart is, much less how Mercedes breached any warranty of merchantability. Similarly, when pleading that Mercedes knew of the "particular purposes" for which the Smart would be used, Plaintiffs do not identify *what* purpose the vehicle would be used for apart from its ordinary purpose (which is also unspecified). Plaintiffs fail to allege sufficient facts to support their claim that Mercedes breached any implied warranties, and instead merely restate the elements of a breach of implied warranty claim. Such conclusory allegations are insufficient. *See Ridge at Red Hawk*, 493 F.3d at 1177. The Court thus grants Mercedes' Motion with respect to the breach of implied warranties and dismisses that claim without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. MBUSA's Motion to Dismiss (ECF No. 31) and Daimler's Amended Motion to Dismiss (ECF No. 77) are GRANTED IN PART and Plaintiffs' Third Claim (Breach of Warranty) and Seventh Claim (Colorado Consumer Protection Act)

15

are DISMISSED without prejudice. Should Plaintiffs believe themselves in a position to plausibly plead facts which would cure the pleading deficiences noted in this Order, they are free to promptly file a motion seeking leave to file an amended complaint reflecting same; and

2. MBUSA's Motion to Dismiss and Daimler's Amended Motion to Dismiss are DENIED in all other respects.

Dated this 24th day of September, 2018.

BY THE COURT:

William J. Martínez
United States District Judge